LAW OFFICE OF

# BENJAMIN SILVERMAN

224 WEST 30TH ST., SUITE 302
NEW YORK, NY 10001

TEL (212) 203-8074
FAX (646) 843-3938
Benjamin@bsilvermanlaw.com

January 31, 2022

**By ECF**
Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: *United States v. John Garner*, 14 Cr. 332 (PAE)

Your Honor:

  I was appointed to represent John Garner for his appeal from the above-captioned case and I am his CJA counsel of record for that appeal. I write with the government's and the Probation Office's consent respectfully to request that Mr. Garner's PSR be ordered amended to reflect that his 2003 Ohio case was fully resolved and he has no detainer from that case.

  The reason for the request is as follows. Mr. Garner's release date is November 13, 2022, and he is now eligible to be transferred to a halfway house at the Bureau of Prisons' (BOP) discretion. Many inmates are transferred to halfway houses six months before their release dates, which for Mr. Garner will be in late May.

  Individuals with detainers are not eligible to be placed in halfway houses. BOP relies on the PSR to determine whether there is a detainer. In this case, it believes that a paragraph in Mr. Garner's PSR suggests that there might be an open case in Ohio. An open case is treated as a detainer by BOP and disqualifies an inmate from halfway house eligibility.

  Paragraph 52 in Mr. Garner's PSR correctly states that he received a seven-year sentence, in total, for his 2003 charges in Ohio. But BOP reads the next paragraph ("A request as made for the arrest report; however, to date a response has not been received") as suggesting that there is no record that this Ohio case was fully resolved. As a result, BOP concludes that Mr. Garner is not halfway house eligible. BOP's reading is clearly in

Hon. Paul A. Engelmayer
January 31, 2022
Page 2

error. It also makes no sense: paragraph 52 in the PSR makes plain that the Ohio case was fully adjudicated and sentence imposed. The only missing information is the *arrest* report, which Probation requests presumably to learn more background on the underlying charges. For the avoidance of any and all doubt, I obtained Mr. Garner's disposition sheet from Ohio and it is attached as Exhibit A. The case is resolved and there can be no detainer.

I conferred with Probation Officer Simone Belgrave, who prepared Mr. Garner's PSRs for his sentencing and resentencing, and she consents to amending the PSR to clearly reflect that (1) the 2003 Ohio charges were resolved and (2) Mr. Garner has no detainer from that case. Assistant United States Attorney Won Shin informs me that the government defers to the government.

For the foregoing reasons, I respectfully request that the Court order Mr. Garner's PSR amended to state that the 2003 Ohio charges are fully resolved and that he has no detainer from that case. Thank you for your consideration.

> Respectfully submitted,
>
> /s/ Benjamin Silverman
> Benjamin Silverman
> *Attorney for John Garner*

(Attachment)

cc: Counsel of record (by ECF)
    Simone Belgrave, Probation Officer (by email)

**GRANTED.** The defendant's PSR is to be amended as requested. The Clerk of Court is requested to terminate the motion at Dkt. No. 177.

2/11/2022
SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge